PHILIP GINSBURG vs. THE FRISBIE PIE COMPANY.

Third Judicial District, Bridgeport, October Term, 1921.
WHEELER, C. J., BEACH, GAGER, CURTIS and KELLOGG, Js.

In an action to recover damages for personal injuries sustained by falling into a vat on the defendant's premises, the plaintiff was nonsuited and appealed. *Held* that the judgment of nonsuit was properly rendered, inasmuch as the evidence failed to show that the defendant had knowledge, actual or implied, of the slippery and unsafe condition of the floor; and furthermore, that assuming the existence of such negligence, there was no evidence that it was the proximate cause of the plaintiff's injury.

Argued November 1st—decided November 30th, 1921.

ACTION to recover damages for personal injuries alleged to have been caused by the negligence of the defendant, brought to the Superior Court in New Haven County where the plaintiff was nonsuited in a trial to the jury before *Burpee, J.*, and from the refusal of the court to set aside such judgment, the plaintiff appealed. *No error.*

*James M. Lynch*, with whom, on the brief, was *Herman J. Weisman*, for the appellant (plaintiff).

*Arthur M. Comley*, for the appellee (defendant).

PER CURIAM. The plaintiff's case depends upon establishing that the plaintiff was engaged at work upon defendant's premises as its employee or its invitee, and that while in such employment the defendant breached the duty it owed the plaintiff of maintaining the floor upon which the plaintiff was at work in a reasonably safe condition, or failed to warn him of its unsafe condition, in consequence of which the plaintiff sustained injuries.

The evidence would have justified the finding that the plaintiff at the time of his injuries was an employee of defendant. It was incumbent upon the plaintiff to prove that the floor was, through its slipperiness, in an unsafe condition for the plaintiff to carry on his work thereon, and that the defendant knew of this condition and failed to warn the plaintiff of it, or ought to have known of it in the exercise of its duty of inspection, or that it had existed so long as to charge defendant with knowledge of this condition. If the evidence might have justified a finding that the floor was so slippery at the time the plaintiff fell as to be unsafe, and that the defendant did not warn the plaintiff of this, the negligence charged would not have been made out without the further proof that the defendant had actual knowledge of this condition, or ought to have known of it in the exercise of its duty of inspection, or that it had existed for such a length of time that it ought in the exercise of reasonable care to have been known by defendant, or that this condition had been of such frequent occurrence as to charge it with knowledge of its liability—and the evidence does not support these conclusions.

Another essential element in the plaintiff's proof was that this negligence was the proximate cause of the injury, and this the plaintiff has failed to establish. The plaintiff himself testified that one of the girls at

this place of employment, while he was walking across the floor, made some hypnotizing motions endeavoring to scare him, and as he attempted to avoid her he slipped and fell into the tub and suffered his injuries. The plaintiff attributes the accident to two causes: the slipperiness of the floor and the action of this girl, and then stops without showing that the defendant was legally responsible for either the slipperiness or the conduct of the girl. The judgment of nonsuit was proper.

There is no error.